# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JOHN BAGNATO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO: |
| PHOEBE PUTNEY HEALTH ) | 1:07-CV-00030-WLS* |
| SYSTEM, INC., PHOEBE PUTNEY ) | |
| MEMORIAL HOSPITAL, INC., ) | *Action is pending in the |
| JOEL WERNICK, ) | United States District Court |
| LANGLEY AND LEE, LLC, ) | Middle District of Georgia |
| CARL RICHARD LANGLEY, ) | |
| LARRY J. MCCORMICK, AND ) | |
| ASSOCIATES, LLC, LARRY J. ) | Miscellaneous Action No. |
| MCCORMICK, WORK DYNAMICS, ) | 1:08-MI-0204 |
| INC., STEPHEN B. CHENOWETH, ) | |
| JOHN DOES NO. I THOUGH V, ) | |
| ABC CORPORATION, and ) | |
| XYZ CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO CERTAIN DEFENDANTS' MOTION TO QUASH THIRD PARTY SUBPOENA ISSUED TO CHARLES HAYSLETT AND/OR MOTION FOR PROTECTIVE ORDER**

**COMES NOW,** Plaintiff, Dr. John Bagnato, by and through his attorneys of record, and files his Response to Certain Defendants' Motion to Quash Third Party Subpoena Issued to Charles Hayslett and/or Motion for Protective Order and shows the Court the following:

Plaintiff filed a Complaint in the United States District Court for the Middle District of Georgia, Civil Action 1:07-CV-00030-WLS for various claims against

Phoebe Putney Health System, Inc.; Phoebe Putney Memorial Hospital, Inc. (hereinafter collectively "Phoebe"); Joel Wernick; Langley and Lee, LLC; Carl Richard Langley; Larry J. McCormick; Larry J. McCormick Associates, LLC; Work Dynamics, Inc.; and Stephen B. Chenoweth.  During the discovery phase of the case, it was learned that a particular witness, Charles Hayslett, was engaged and involved in giving advice to Phoebe, as well as other possible Defendants.

Based upon this knowledge, Plaintiff served a subpoena on Charles Hayslett (attached hereto as Exhibit "A") seeking information that is contained within the subpoena.  Upon receipt of the subpoena, counsel for the Plaintiff received a call from John Parker with Parker, Hudson, Rainer & Dobbs, LLP discussing the issues of the subpoena.  Subsequent discussions concerning the subpoena involved attorneys for the Defendants.  Attached hereto as Exhibit "B" is Plaintiff's response letter to Defendants' letters regarding the discovery dispute.  Upon receipt of Plaintiff's response letter, Defendants filed this present motion before the Court.

## FACTUAL BACKGROUND

Phoebe is a not-for-profit hospital located in Albany, Georgia, and services a number of surrounding counties. On or about 2002 to 2003, the Plaintiff, Dr. John Bagnato, a general surgeon in the Albany, Georgia, area, learned of the vast amounts of money that was being made by Phoebe and other entities associated

with Phoebe.  Additionally, Dr. Bagnato learned that the upper management at Phoebe was engaging in inappropriate expenditures by taking lavish trips to London, the Cayman Islands and Bermuda.  During these excursions by the Phoebe executives,[1] upper management of Phoebe was approving expenditures for these individuals for such things as cigars, bar bills, golf shirts and golfing excursions by some individuals who enjoyed the trips to the various locations.

Based upon the information that he received, Dr. Bagnato began disseminating anonymous information regarding the excesses, abuses, and corporate greed that was occurring at Phoebe.  These anonymous letters became known as the "Phoebe Factoids."  Also involved in authoring and disseminating the information was Charles Rehberg.  Upon learning of the dissemination of the documents, Phoebe hired ex-FBI Agents from Phoenix, Arizona, to investigate the dissemination of the Factoids.  It is this investigation which resulted in the invasion of privacy violations, as well as violations of Dr. Bagnato's Civil Rights, and other illegal activities by the Defendants that precipitated the filing of this lawsuit.

Prior to this lawsuit being filed, Phoebe filed a lawsuit against Charles Rehberg for the dissemination of the Factoids.  Charles Rehberg then counter-claimed against Phoebe for a number of claims, including false imprisonment. One of the defenses raised by Charles Rehberg in that case was that by filing the

---

[1] Joel Wernick, who is the CEO of Phoebe Putney Memorial Hospital and Carl Richard Langley, who is the attorney for hospital, are among the individuals that participated in these trips.

lawsuit Phoebe violated the SLAPP (Strategic Litigation Against Public Participation) provisions of Georgia law.  Phoebe failed to comply with the requirements of the provisions of the SLAPP Statute and dismissed the case.

The remaining claims of Charles Rehberg and Rebherg's counter-claim were litigated.  During that litigation, Charles Rehberg, through his attorney, attempted to subpoena and gain information from individuals that had been hired by Phoebe as Public Relations Consultants.  Phoebe, through its lawyers, objected to those requests and sought a Protective Order.  Additionally, they filed a privilege log.  The trial court, which was in the Superior Court of Dougherty County,  reviewed the documents in-camera and required Phoebe to disclose a number of these documents to Charles Rehberg.

In the present case, counsel for the Plaintiff has served discovery requests upon Defendants and received a number of responses from Phoebe.  Among those responses are communications between Charles Hayslett and representatives of Phoebe, including Joel Wernick, CEO.  Attached hereto as Exhibit "C" are the communications between Charles Hayslett and representatives of Phoebe given in response to Plaintiff's discovery to Defendants.  Those documents were disclosed in September 7, 2007, and upon receipt of same, Plaintiff's counsel spoke with Defendants' counsel, Nicole Wade.

During these discussions, it was clear that Phoebe and the other Defendants, through their counsel, elected not to assert a privilege of the communications between Charles Hayslett and the Defendants. This was based pursuant to the Trial Court's Order in the *Phoebe, et al v. Rehberg, et al.* Attached to this Response is Exhibit "D", an Affidavit from the undersigned, Ralph W. Powell, Jr., regarding the communications between himself and Nicole Wade. In their Motion to Quash, Defendants have raised the issue of work product and attorney/client privilege. As can be seen from the Affidavit attached hereto, the Defendants previously disclosed the communications maintaining that they would not be raising those privileges.

## ARGUMENT AND CITATION OF AUTHORITY

In their Motion to Quash, Defendants assert that the information sought is is overly broad and protected by attorney-client and work-product privileges.[2] As the Court is aware, the standard for determining whether or not information is discoverable under the Federal Rules of Civil Procedure is whether the information is reasonably calculated to lead to the discovery of admissible evidence. This is a broad standard that allows parties to engage in discovery of information which

---

[2] Ordinarily, a party does not have standing to quash a subpoena directed to a non-party unless that party is trying to protect a personal privilege or right. Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 n. 3 (N.D.Ga.2001); See also, Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y.2004). Defendants arguments concerning the alleged overbroad and privileged nature of the information sought do not provide sufficient information to determine whether Defendants seek to protect a personal privilege or right. Plaintiff reserves the right to further argue lack of standing to seek to squash the subpoena at issue as more information concerning Defendants reasoning is obtained.

**may** lead to discovery of admissible material. Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392 (1947). The Defendants have objected to the disclosure and have sought a protective order because the information sought is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

As to the claim that the requests are overly broad, attached as Exhibit "E" are subpoenas sent in this case to a number of non-party witnesses, John Crew, Georgia Watch, Richard Gray, Harris Morgan and David Prisant. As the Court can assess, the language that the Defendants have used in their subpoenas is virtually identical to the language that the Plaintiff has used in the Requests to Charles Hayslett. Surely, the Defendants are not claiming that they knowingly utilized overly broad subpoenas to non-party witnesses within this case.

In order for this Court to make a determination on whether the Requests are overly broad, the Court must evaluate the relationship between Charles Hayslett and the Defendants. In re Theragenics Corp. Securities Litigation, 205 F.R.D. 631, 636 (2002). By the statements in the Defendants' Motion, Charles Hayslett has been hired on a number of occasions to give advice to Phoebe. From the previous disclosures, it is clear that Charles Hayslett was intimately involved in giving of information/advice regarding actions taken by Phoebe and others during the

relevant time period.³  The Defendants, throughout this litigation, have maintained that they are able to question and gain information surrounding Grove Pointe Indemnity⁴, not-for-profit litigation, and other areas to show what they allege is Dr. John Bagnato's inappropriate motives.  Yet, they do not want to allow the Plaintiffs to gain any information in this area, maintaining that it is not relevant to the lawsuit.

The truth or the falsity of the substance of the Factoids certainly becomes relevant when the Defendants are maintaining that Dr. John Bagnato's motives were to create a corporate campaign against Phoebe.  Based on the Defendants' attempts to go into the motives of Dr. John Bagnato, any information that could corroborate the accuracy of the information contained within the Factoids would certainly bolster the claim by Dr. Bagnato that he was disseminating information for the public good.

Secondly, the Complaint, which is attached as Exhibit "F", alleges a conspiracy among the Defendants.  It also names unnamed co-conspirators.  It is clear that Charles Hayslett was involved intimately in the planning and execution of what Plaintiff has alleged are illegal actions.  Therefore, the Requests are

---

³ Defendants have maintained that the Requests are overly broad in time period.  However, they admit that the Plaintiff has agreed to limit the scope of the time period from 2003 forward.
⁴ Grove Pointe Indemnity was an offshore captive insurance company created by Phoebe Putney Memorial Hospital.  It is the creation of Grove Pointe Indemnity that required members of Phoebe Putney Memorial Hospital and others to go on these lavish trips.

certainly relevant to determine whether or not Charles Hayslett qualifies as an unnamed co-conspirator.

Furthermore, the information requested goes directly to Phoebe's motives. From the information that has previously been disclosed by Phoebe, the communications clearly show Phoebe's motives and disregard of certain advice being given to them; i.e., specifically, the communication from Charles Hayslett on August 26, 2004, when the ex-FBI agents[5] descended upon Albany Surgical (which is the location where Charles Rehberg and Dr. John Bagnato worked) and cornered Charles Rehberg in the parking lot of Albany Surgical. At that time, they attempted to coerce him into signing an immunity agreement that would have required Charles Rehberg to help Phoebe. In exchange for Charles Rehberg's help, Phoebe would agree not to initiate civil or criminal actions against Charles Rehberg.

Lastly, the Defendant's have raised issues of attorney-client privilege and work product privilege. Since a privilege log has not been served on the plaintiff, we are unable to determine which documents that Defendants are referencing or what privilege they are raising. Therefore, it is extremely difficult to respond to this issue. However, in the affidavit attached to this motion as Exhibit "D," the Defendants already have disclosed documents that Phoebe and others received

---

[5] It is also important to note that these ex-FBI Agents were acting in the State of Georgia without proper licensure as private investigators.

from Hayslett on a number of the issues which the Plaintiff's subpoena requests. Additionally, the Defendant's knowingly disclosed this information stating that they did not intend on raising the privileges.[6]

## CONCLUSION

The information sought by the Plaintiff from Non-Party Hayslett is not overly broad and seeks information that is reasonably calculated to lead to the discovery of admissible material. Additionally, as to the Defendant's assertion of any type of privilege, Defendant's have failed to submit a privilege log and, therefore, Plaintiff's are unable to determine what documents exist and what privileges the Defendant's allege apply to the document.

**WHEREFORE,** Plaintiff requests Defendants' Motion to Quash and Motion for Protective Order be set down for a hearing.

(Signatures on the next page)

---

[6] When work-product is disclosed to adversaries or treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material, the work-product protection is waived. Ferko v. National Ass'n for Stock Car Auto Racing, Inc., 218 F.R.D. 125, 136 (E.D.Tex.,2003).

Respectfully submitted this 19th day of June, 2008.

          **BUCKLEY BROWN, P.C.**

          s/Timothy J. Buckley III

          _____
          Timothy J. Buckley III
          Georgia Bar No. 092913
          Attorney for Plaintiff

2970 Clairmont Road N. E.
Ste. 1010
Atlanta, GA 30329
404-633-9230
404-633-9640(facsimile)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JOHN BAGNATO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO: |
| PHOEBE PUTNEY HEALTH ) | 1:07-CV-00030-WLS* |
| SYSTEM, INC., PHOEBE PUTNEY ) | |
| MEMORIAL HOSPITAL, INC., ) | *Action is pending in the |
| JOEL WERNICK, ) | United States District Court |
| LANGLEY AND LEE, LLC, ) | Middle District of Georgia |
| CARL RICHARD LANGLEY, ) | |
| LARRY J. MCCORMICK, AND ) | |
| ASSOCIATES, LLC, LARRY J. ) | Miscellaneous Action No. |
| MCCORMICK, WORK DYNAMICS, ) | 1:08-MI-0204 |
| INC., STEPHEN B. CHENOWETH, ) | |
| JOHN DOES NO. I THOUGH V, ) | |
| ABC CORPORATION, and ) | |
| XYZ CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2008, I electronically filed PLAINTIFF'S RESPONSE TO CERTAIN DEFENDANTS' MOTION TO QUASH THIRD PARTY SUBPOENA ISSUED TO CHARLES HAYSLETT AND/OR MOTION FOR PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications to counsel of record as follows:

| | |
|---|---|
| L. Lin Wood<br>Katherine Ventulett Hernacki<br>Paige Arden Stanley<br>Powell Goldstein LLP<br>1201 West Peachtree Street, NW<br>Atlanta, GA 30309<br>llwood@pogolaw.com<br>khernacki@pogolaw.com<br>pstanley@pogolaw.com | Bryan A. Vroon<br>Vroon & Cronger LLP<br>1718 Peachtree Street Ste. 1088<br>Atlanta, GA 30309<br>bvroon@vclawfirm.com |
| Karin A. Middleton<br>2547 LaFayette Plaza Drive Ste. E<br>Albany, GA 31707<br>middleton@baudino.com | Alfred N. Corriere<br>Vansant & Corriere, LLC<br>Post Office Box 347<br>acorriere@vcm-law.com |

Ralph W. Powell, Jr.
McCall Williams Wilmot, Powell, LLC
P. O. Box 71747
Albany, GA 31708-1747
rpowell@mccallwilliams.com

Respectfully submitted this 19th day of June, 2008.

                                            **BUCKLEY BROWN, P.C.**

                                            s/Timothy J. Buckley III

                                            _____
                                            Timothy J. Buckley III
                                            Georgia Bar No. 092913
                                            Attorney for Plaintiff

2970 Clairmont Road N. E.
Ste. 1010
Atlanta, GA 30329
404-633-9230
404-633-9640(facsimile)