IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN BAGNATO, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:08-CV-2114-JOF-SSC |
| PHOEBE PUTNEY HEALTH : | |
| SYSTEM, INC., PHOEBE PUTNEY : | |
| MEMORIAL HOSPITAL, INC., JOEL : | |
| WERNICK, LANGLEY AND LEE, : | |
| LLC, CARL RICHARD LANGLEY, : | |
| LARRY J. MCCORMICK AND : | |
| ASSOCIATES, LLC, LARRY J. : | |
| MCCORMICK, WORK DYNAMICS, : | |
| INC., STEPHEN B. CHENOWETH, : | |
| JOHN DOES NO. 1 THROUGH V, : | |
| ABC CORPORATION, and XYZ : | |
| CORPORATION, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

This matter is before the court for consideration of "Certain Defendants' Motion for *in Camera* Review." [Doc. 5]. Defendants Phoebe Putney Health System, Inc., Phoebe Putney Memorial Hospital, Inc., Joel Wernick, Langley & Lee, LLC and Carl Richard Langley ("Defendants") request that the court review documents submitted *in camera* to determine whether they must be disclosed to Plaintiff pursuant to the court's November 13, 2008 Order [Doc. 4]. Defendants' motion arises out of a lawsuit filed by Plaintiff against Defendants and others in the United States District Court for the Middle District of Georgia, Civil Action No. 1:07-CV-000030-WLS (see Def. Ex. D to Doc. 1). That lawsuit involves allegations concerning

"Factoids" or "Phactoids" that were authored by Plaintiff and another individual. (See Exs. C & D to Doc. 1).

Plaintiff served on non-party Charles Hayslett a subpoena issued by this court. (Def. Ex. A to Doc. 1, Def. br.).[1]  Hayslett is a public relations consultant who has performed services for Defendants Phoebe Putney Health System, Inc. and Phoebe Putney Memorial Hospital, Inc. (collectively referred to as "Phoebe") on a variety of issues since 2000, including advising Phoebe on matters concerning the Factoids. (See Doc. 1, Def. br., pp. 2-3; see also Pl. Ex. C to Doc. 2).  Defendants filed a motion to quash, seeking to quash the Hayslett subpoena. [Doc. 1].  By Order dated November 13, 2008 [Doc. 4], the court granted the motion to quash in part and denied it in part.  In that Order, the court directed Charles Hayslett "to provide to Plaintiff and Defendants a copy of all documents in his possession or control relating to Defendants' investigation of the Factoids, including the investigation into the identities of the authors of the Factoids, and any documents concerning the criminal prosecution identified in the subpoena . . . ." (Id. at pp. 17-18).

Defendants then filed the instant motion for *in camera* review [Doc. 5], in which they request that the court review certain documents "to determine whether [these] documents are responsive to the Court's Order of November 13, 2008." (Id. at pp. 1-2).  Defendants represent that they and Hayslett "have produced documents to Plaintiff Bagnato in compliance with the Order," but that two

---

[1] The court will refer to the Hayslett subpoena as a non-party subpoena as Hayslett apparently has not been made a party to the underlying action in the Middle District of Georgia. (See Doc. 1, Objections to Third-Party Subpoena, p. 2).

- 2 -

documents have not been produced because "it is necessary for the Court to review the documents in question to confirm that the documents are not related to the investigation into the identity of the authors of the Factoids, and therefore not responsive to the Court's Order." (Id. at p. 2) (emphasis in original).[2]

The documents in question are a three-page memorandum from Hayslett to Ed Cassity, Cynthia George, Jackie Ryan and Joel Wernick on October 6, 2003, and an E-mail and attachment (two pages in all) sent from Hayslett to Joel Wernick, Ed Cassity and Jackie Ryan on October 2, 2003. Although these documents do not relate to Defendants' specific efforts to determine the identity of the author or authors of the Factoids, they relate to Defendants' investigation into the allegations set forth in the Factoids and their formulation of responses to the Factoids, including maintaining their efforts to learn the identity of the author or authors. The court finds, therefore, that they are responsive to the Court's Order, as they "relat[e] to Defendants' investigation of the Factoids . . . ."

Accordingly, Defendants' motion for *in camera* review [Doc. 5] is **GRANTED**, and Charles Hayslett is **DIRECTED** to provide to Plaintiff, **no later than ten (10) days from the date of entry of this Order**, a copy of the documents that Defendants submitted to the court for *in camera* review, i.e. the October 6, 2003 memorandum and the October 2, 2003 E-mail and attachment. The Clerk is **DIRECTED** to file the documents that were submitted for *in camera* review under

---

[2] Defendants do not argue that the documents are protected from disclosure on the grounds of any privilege.

- 3 -

seal.

The Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED** this 2nd day of March, 2009.


*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge